Court of Chancery. Kent. May, 1821.

*Ridgely's Notebook III, 309.*

## EDITH JACKSON, MARY JACKSON and others, by their Guardians, William Elliott and William Sharpless, v. THOMAS JACKSON, Administrator of James Jackson.

Orphans' Court. New Castle. In Vacation. May, 1821.

*Ridgely's Notebook III, 316.*

The following petition in the Orphans' Court was enclosed to me in a letter from Louis McLane, Esq.:

New Castle County, ss.

Edith Jackson, Mary Jackson and others, by their Guardians, William Elliott and William Sharpless,

v.

Thomas Jackson, Administrator of James Jackson, deceased.

In the Orphans' Court for the said County.
Appeal from the Register.

The petition of William Sharpless and William Elliott, the guardians aforesaid, to the Chancellor sitting as Judge of the Orphans' Court, humbly showeth that the respondent above named has appeared to the foregoing appeal, and that the same was at issue, but continued at the last term upon the affidavit of the said William Sharpless setting forth the materiality of testimony which could not be procured at the same term. Your petitioners farther show that John Phillips is a material witness for the said appellants, without whose testimony they cannot safely proceed to the hearing of the said appeal; that he resides in the State of Pennsylvania, and beyond the reach of the process of this Court.

Your petitioners therefore pray your Honor to grant them an order for a commission to issue to the State of Pennsylvania, to be directed to Isaac Darlington, Esq., of West Chester, and such other commissioner as may be named by the respondent, to take the depositions of witnesses upon interrogatories to be filed; and also an order upon the said respondent to name his commissioner and file his cross-interrogatories, or that upon his failure to do so, in ten days after notice of interrogatories being filed [1] to his attorney, the said commission shall issue to the said I. Darlington only, and upon the appellant's interrogatories. And your petitioners, etc.

(Signed) *L. McLane* in behalf of the petitioners.

The following order was made:

To the Clerk of the Orphans' Court of New Castle County.

After an affidavit shall be made and annexed to the above petition, make an order agreeably to the prayer thereof, with this difference, that next after the word "filed" [2] in the eighth line of the second page insert these words, "to

[1] Note by Ridgely, "See the Act of Assembly, 4 Del.Laws 32."
[2] Note by Ridgely, "See the Act of Assembly, 4 Del. Laws 32."

the respondent and," so that the notice be given both to the respondent and to his attorney.

(Signed) *Nicholas Ridgely,* May 23, 1821.

Accompanying this petition the Chancellor received a letter from Louis McLane, Esq., dated May 16, 1821, of which the following is a copy:

Dear Sir,

Your unexpected indisposition at New Castle obliges me to trouble you with the enclosed petition. I presume the Orphans' Court may be considered always open for such purposes, and I believe the petition very nearly corresponds with the English forms in Chancery. I will thank you to return the order as early as convenient.

I had wished very much for the order upon the infant children of Wilson to convey the land to their uncle, and I had supposed there could be no difficulty. I find, however, that a summons was directed against the two minor children. The whole affair is amicable on both sides, and all parties are desirous of a speedy arrangement, and unless you should be sensible of some impediment which I have not thought of, and therefore be disinclined to grant the order, I will, if you please, direct the petition to be forwarded to you for your re-examination, in the hope that you may avoid the delay which is likely to ensue.

I hope you have entirely recovered from your indisposition, and remain, etc.

The following is THE CHANCELLOR'S answer, dated May 23, 1821.

Dear Sir,

The petition in the appeal of Jackson and others against Jackson's administrator ought to have had an affidavit annexed. In such cases the practice should conform to the proceeding in Chancery; and there no examination of witnesses *de bene esse* can be had without an affidavit. 1 Harr.Ch.Pr. 110, Mitf.Pl. 51 etc. In the motion to postpone the hearing at last term, there was an affidavit of the appellant, and perhaps (but I do not recollect) it was substantially the same as this petition; but it is probable that it was there suggested that the attendance of the witness could be procured next term. There must be an affidavit annexed to this petition before the order can be made.

In the case of the infant trustees of the name of Wilson, I do not remember the reason exactly why the order was

not made and why the subpoena was directed, but I believe it was:

First, because the infants were not parties to the petition by their guardian.

Second, because the Act of Assembly directs the order to be made upon the hearing of all the parties concerned.

Third, because, perhaps, it did not clearly appear upon the petition that the infants are trustees within the Act of Assembly. Our Act is the same as the Statute, 7 Anne, c. 19, except as to mortgages; and in England the Court of Chancery will not, on petition, order an infant trustee to convey, unless the trust appears in writing, but in such case will leave the *cestui que* trust to get a decree by bill. Neither will the Court order such conveyance on an implied trust. 1 P.Wms. 549, 3 P.Wms. 386, 2 Ves.Sr. 559.

Fourth, the practice in England is always to inquire into the case and see the interest of the infant, and whether the case is within the meaning of the Act. This is done on a reference to a master. See 1 P.Wms. 549, 1 Harr.Ch. Pr. 60, 61, Bun. 52.

So far as I understand the case, 3 Atk. 479, *Ex parte Maire,* a subpoena is necessary when all the parties do not join in the petition and are not before the Court.

My principal reason, I apprehend, was founded on the Act of Assembly requiring the order to be made on hearing the parties concerned; and this could not be done without calling them all before the Court. I have looked into the cases since I received your letter, and they entirely correspond with the ideas I entertained of the Act.

NOTE (added since the 23rd May). See *Ex parte Sergisson, In the matter of Crips, an infant,* 4 Ves.Jr. 147.